UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PATRICK LYNN RUSSELL #2103554      CIVIL ACTION NO. 13-cv-3248

VERSUS      JUDGE S. MAURICE HICKS, JR.

MS EVANS ET AL      MAGISTRATE JUDGE HORNSBY

# REPORT AND RECOMMENDATION

Patrick Lynn Russell ("Plaintiff") is a self-represented former inmate of the Caddo Correctional Center ("CCC") who alleges that several law enforcement officers illegally forced him to provide fingerprints and a DNA sample that were gathered in connection with the investigation of homicides committed in Dallas, Texas. Plaintiff prays for monetary damages, a court investigation, and that the named defendants sign affidavits stating that the Dallas police officer who came to obtain the evidence did so with a "fake warrant" and that the evidence was taken illegally. For the reasons that follow, the complaint should be dismissed back on the Heck doctrine.

The case arises from two drug-related homicides committed in Dallas in 2013. The evidence at a Texas criminal trial showed that Plaintiff, who is from Shreveport, went to Dallas with three accomplices to buy a large quantity of cocaine. A significant gun battle broke out during the transaction. The two sellers were killed by multiple gunshots, and Plaintiff's brother was also shot. Plaintiff was convicted of capital murder and sentenced to life imprisonment without the possibility of parole.

The collection of the fingerprint and DNA evidence was done in 2013 while Plaintiff was housed in CCC in Shreveport. Plaintiff filed this action in 2013, and in 2016 the several defendants filed three motions for summary judgment that persuasively attacked the claims on the merits. The court elected, however, to stay this case based on the principles of Heck v. Humphrey, 114 S.Ct. 2364 (1994) and Wallace v. Kato, 127 S.Ct. 1091,1098 (2007). Heck provides that if a judgment in favor of the plaintiff in a civil rights case would necessarily imply the invalidity of his conviction or sentence, the civil rights action is precluded unless the conviction or sentence has been reversed on appeal, expunged, declared invalid by the state court, or called into question by a federal habeas court. Heck, 114 S.Ct. at 2372.

Plaintiff was still awaiting trial, not yet convicted, when the prior motions arose, so Heck was not directly applicable. Wallace states that, in such a pretrial setting, it is within the power of the district court to stay a civil rights action until the related criminal case has ended. This court exercised its discretion to enter such a stay and administratively close this case. Docs. 52 & 53.

Plaintiff returned to this court in 2023 and asked that his case be reopened and moved forward. Doc. 59. The court allowed the defendants an opportunity to oppose the request, but no opposition was filed. The court then granted Plaintiff's request to reopen and allowed Plaintiff an opportunity to file opposition to any of the pending motions for summary judgment. Doc. 64. Plaintiff did not file any timely response.

A review of the case indicates that Heck now applies directly and bars this civil action. The court noted in the prior report and recommendation that Heck is most often

applied to claims for damages (which Plaintiff makes), but its principles also preclude claims for injunctive or declaratory relief such as those presented by Plaintiff. Reger v. Walker, 312 Fed. Appx. 624, 625 (5th Cir. 2009) (Heck applies to claims for damages, declaratory relief, and injunctive relief); Summers v. Eidson, 206 Fed. Appx. 321 (5th Cir. 2006) (Heck "applies to injunctive as well as monetary relief"). The court also explained that if Plaintiff was ultimately convicted, and his civil rights suit would impugn that conviction, Heck would require dismissal.

Plaintiff was also told that if he filed a motion to lift stay after the completion of the criminal prosecution, he would have to show that the litigation of his civil rights claims either (1) would not run afoul of Heck or (2) that the Heck conditions (conviction reversed or set aside) had been met. Heck has been applied to similar Fourth Amendment claims unless the evidence obtained was not admitted at trial, the admission of the evidence was harmless error, or the evidence was admissible based on an exception to the exclusionary rules such as independent source or inevitable discovery. Blimline v. Thirty Unknown Emps. of the Sec. & Exch. Comm'n, 757 Fed. Appx. 299, 302 (5th Cir. 2018); Thompson v. Link, 2019 WL 2397641 (W.D. La. 2019) (Foote, J.).

Plaintiff has not demonstrated that he has satisfied the Heck conditions, and a review of the Texas appellate court decision in the criminal case shows that his claims are not subject to an exception. Petitioner challenged his conviction in the Texas courts on direct appeal and raised a challenge to the sufficiency of the evidence. The court's opinion shows that the Plaintiff's DNA and fingerprints were critical evidence in support of the conviction. The victims were found in a car that belonged to one of them, Mr. Tell. The

appellate court noted that the Tell's car was processed for fingerprints and DNA. Six of Plaintiff's fingerprints were found in various places on the exterior of the car. Plaintiff was also a contributor of DNA found in the car. The Texas court noted that the testimony of a cooperating witness (Boone), the fingerprints, and the DNA "firmly established" Plaintiff's connection to the scene of the shooting and the victims' car. The court also observed, "The physical evidence in this case both established appellant's presence in and/or around Tell's car and also served to corroborate Boone's testimony." Russell v. State of Texas, 2018 WL 525559 (Tex. App. 2018), petition for discretionary review refused (2018).

Any judgment in favor of Plaintiff in this civil rights action would necessarily undermine the state court conviction because it would require this court to hold that critical physical evidence introduced at trial to link Petitioner to the scene of the murders and corroborate the testimony of a key witness was unlawfully obtained and subject to suppression. There is no indication that the evidence was admissible under an exception to the exclusionary rule. Dismissal is warranted in these circumstances. Hudson v. Hughes, 98 F.3d 868, 872 (5th Cir. 1996) (Heck dismissal affirmed when "it is improbable that doctrines such as independent source, inevitable discovery and harmless error would permit the introduction of the firearm as evidence in this case")

Plaintiff may not pursue the claims presented in this civil rights action until the Heck conditions are met. A stay was appropriate during the pretrial stage, but a Heck dismissal is now the proper post-conviction remedy. When a claim comes within the parameters of Heck, the court should dismiss the claims "with prejudice to their being asserted again until

the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423 (5th Cir. 1996). See also Cook v. City of Tyler, 974 F.3d 537 (5th Cir. 2020).

Accordingly,

It is recommended that this civil action be dismissed with prejudice until such time as the Heck conditions are met.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS, DONE AND SIGNED in Shreveport, Louisiana, this 6th day of July, 2023.

_____
Mark L. Hornsby
U.S. Magistrate Judge